### THOMSON v. BROWN.

1. MASTER—RECOMMITTAL OF CASE.—A case need not be recommitted to master for matters within his discretion to pass on, nor for purpose of allowing plaintiff's attorney to file deeds which he kept out after being put in evidence, but same may be ordered filed in record.
2. IBID.—REFERENCE to master, if not heard by him, is reference to his successor in office.
3. INJUNCTION—PARTITION—SHERIFF.—A complaint to enjoin a sheriff from levying an execution, because partition has not been had by judgment debtor, and which remedy such debtor has not availed himself of, although several years have intervened, will be dismissed.
4. TRUSTEE.—LEVY under execution under judgment against *cestui que trust* upon property in possession of trustee, properly released.
5. A "CASE" should contain everything necessary for this Court to consider upon appeal.
6. REHEARING refused.

Before KLUGH, J., Spartanburg, October, 1898. Affirmed.

Two actions for injunction by Jessie M. Thomson against C. P. Brown, and E. A. Brown, administrator of J. J. Brown, and J. M. Nicholls, sheriff of Spartanburg County, and same plaintiff against the two first named defendants, and E. A. Crawford, sheriff of York County. The Circuit decree is as follows:

This cause came on for hearing at Spartanburg, in July, 1898, on exceptions to the master's report. When the case was called, plaintiff's attorney was absent, and the attorney

for the defendant took an order requiring the case to be submitted on written argument within ten days after the rising of the Court. Subsequently the time thus limited was extended on plaintiff's motion for thirty days, at the expiration of which time the argument was filed and the cause submitted for my determination. At the same time that plaintiff's attorney submitted his argument, he made a motion to recommit the case to the master for further testimony. The grounds of this motion are set forth in an affidavit of said counsel. These grounds do not contemplate the production of new or additional evidence to that offered at the reference, but alleged that the master has failed to include in his report certain documentary testimony referred to. A deed from A. G. Means to the plaintiff, dated May, 1880, and a deed from plaintiff to G. D. Peake, made in 1887, both of which were admitted without objection, and "certain folios of the case on appeal to the Supreme Court in the case of Edgar M. Thomson *et al.*, plaintiffs, *v.* Glen D. Peake, defendant, relating to the ownership of certain mules which the plaintiff in this action claims to have been levied upon by the sheriff of York County as the property of plaintiff, contained in the testimony of Glen D. Peake," which was duly objected to by defendant's counsel, and upon which the master issued his ruling. Neither the grounds of objections nor the master's ruling appear in the record. The deeds mentioned were competent evidence, and were so admitted by the defendant's counsel. They are not in the records before me, for the reason that though introduced in evidence on behalf of plaintiff, they were not delivered to the master, and it is plaintiff's fault that they are not before the Court. I would not, however, allow this to deprive her of whatever benefit this evidence might be to her cause, and she may still file them with the record if she so desires, for such use in the further progress of this litigation as occasion may require. I do not deem it necessary to recommit the case to the master for the production of those deeds, for the reason that they have both been already construed by the Supreme

20—56

Court in an adjudication which is binding upon the plaintiff, and they are both set out in the opinion of the Court in that case. See the case of *Thomson* v. *Peake*, 38 S. C., 440. The deed of Jessie M. Thomson to Glen D. Peake is, moreover, a part of her complaint in the case at bar, and is, therefore, before the Court, not merely as evidence but also as an allegation of the pleadings. The other documentary evidence, the testimony of Peake given in another case, was clearly incompetent, and having been objected to, it must be assumed that the master ruled it out when he came to make up his report, as it does not appear to have been considered by him. It would be rejected if brought before the Court in the form in which it was offered, and that is the only form in which it could now be brought before the Court, and it would be useless to send the case back for the master to include it in his report. The other grounds set forth in plaintiff's affidavit for recommitting the case were matters within the master's discretion, and the Court cannot say this discretion was abused. The motion to recommit is refused.

The plaintiff in the litigation, originally two actions, but heretofore consolidated by order of the Court and now considered as one, sought to enjoin the levy of an execution issued upon a judgment here recovered by the defendants, C. P. and E. A. Brown, as administrators of John J. Brown; said judgment was recovered in Spartanburg and was transcripted to York County. The effort to enforce it, first in York and afterwards in Spartanburg, brought on the two actions which are now at bar as one case. The plaintiff alleges that the sheriff of York County levied said execution on certain personal property of the plaintiff, consisting of mules, corn, fodder and cotton seed, in value more than sufficient to satisfy said execution, and that he has made no disposition of said property, but the same is still in his custody under said levy; that notwithstanding such levy, the said sheriff was about to levy upon and advertise for sale the plaintiff's interest in certain real property in York County, when he was stopped by a suit for injunction (one of the

actions consolidated in this proceeding), that thereupon the execution creditors instructed the sheriff of Spartanburg County to enforce said execution against the property of the plaintiff in his county, and to assign her a homestead therein, which he is proceeding to do, although she does not desire nor demand such homestead set off, and seeks the restraining order of the Court against it and against the enforcement of said execution in Spartanburg County, which is the object of the second of said consolidated actions. The plaintiff further alleges that her interest in real property in York County, above referred to, is a joint interest along with her five minor children in a tract of land known as "Beauty Spot," of which there has been no partition; that said land is held by Glen D. Peake as trustee, under a deed executed by plaintiff in 1887, and said trustee has since said date received all the rent, issues, profits and income from said land, but refuses to account therefor, and to pay the above said judgment, and that a suit is begun, or about to be begun, to enforce an accounting by the trustee, and the payment of said judgment; and that an action for partition of said land is begun, or about to be begun, pending which the sale under execution of plaintiff's interest would result in sacrifice and irreparable injury to her.

The answer denies that the aforesaid execution was ever levied on the personal property of the plaintiff, and alleges that the sheriff of York County did levy, or attempt to levy, on certain mules, corn, fodder and cotton seed, which proved to be the property of Glen D. Peake, whereupon the levy, or attempted levy, was released, and the property was not sold or removed from the possession of said Peake. It is also denied that partition is being sought, as alleged in the complaint, and the defendants allege that there is a junior unsatisfied execution against the plaintiff in the hands of the sheriff of Spartanburg.

This action was commenced in the early part of the year 1890, and it affords a somewhat notable example of the way in which litigation may be prolonged to the reproach of the

law, the disgust of litigants, and almost the denial of justice. Injunctions were issued at the commencement of the action, which have ever since restrained the defendants from attempting in any way to enforce the payment of their debt adjudged to them by the Court, and not questioned in any respect by this proceeding. The case was referred to the master to take and report the testimony, with his conclusions thereon. He reports as conclusions of fact that no levy was made by the sheriff of York County upon the property of the plaintiff; that said sheriff attempted to make a levy, but such attempt did not satisfy the execution, and that the execution and judgment upon which it was issued are still unpaid; that there has been no attempt by the plaintiff to have partition of the real estate, as alleged in the complaint, and that the plaintiff is a married woman whose husband owns no real estate, and that no homestead in realty has been set off to her; and he recommends that the complaint be dismissed.

The plaintiff files numerous exceptions, which will now be considered. The first and tenth exceptions complain of the haste of the master in reaching his conclusions and filing his report, and of his failure to consider plaintiff's contentions, and the authorities cited in support thereof. These are matters within the discretion of the master. His conclusions, if correct, will be sustained, and if incorrect, will be set aside by the Court, whether they are arrived at hastily or with deliberation. These exceptions are overruled.

The second exception is on the ground that the master, J. D. Norman, is without jurisdiction to hold a reference and report upon a case which was referred to L. R. Hill as master. It is assumed that this is the ground of this exception, as no other intelligible ground appears. The case, by order of Judge Townsend, was referred to L. R. Hill, master, Spartanburg County. There is but one master for said county; L. R. Hill held that office when Judge Townsend's order was made. He was succeeded by J. D. Norman, who is now "Master for Spartanburg County." The case was referred to the officer, not the indi-

vidual. This exception is utterly untenable, and is over-ruled.

The third, eighth, and eleventh exceptions make the point that the land being unpartitioned, the lien of the judgment of the defendants is subordinate to the right of partition. If this were true, a judgment debtor would only have to find or make a cotenant of his property, in order to postpone and defeat his creditors. The plaintiff has misconceived the force of the authorities cited in support of this position. The lien of a judgment against one cotenant cannot prevent other cotenants from demanding partition of the interest held in common, leaving undisturbed the lien upon the several interest of the judgment debtor; but such judgment debtor cannot shield himself and defeat his creditors by hiding behind the right of his cotenants to demand partition. Especially is this true where, as in the present case, no demand is made by such cotenants for partition, although the Court has for more than eight years stayed the hands of the creditors in order to allow such cotenants to exercise their right to partition. This point is overruled.

The exceptions three, eight, and eleven, make the further point that the plaintiff's interest in said land is a trust estate, and only the income therefrom can be subjected to her debts. Granting this, it affords no reason in law or equity for enforcing this claim against the plaintiff in such way as may be conformable to law. The levy and sale under execution of an interest held in trust would be nugatory and the purchaser would take no title, but such an act would for that very reason work no injury to the *cestui que trust,* and would give no grounds for the interposition of a court of equity to restrain the act. In this case the judgment creditors, if there is no other ruled reason to restrain them, should be left free to proceed in any manner they may be advised to enforce the payment of their debts. These exceptions are, therefore, overruled.

The fourth and fifth exceptions complain of the master's finding that there was no levy. The Court is satisfied with this finding of the master. The seizure and attempted levy was properly disposed of by the sheriff when he restored the property to the possession of the party who showed his title thereto. *Dilling* v. *Foster,* 21 S. C., 234. This person, Glen D. Peake, was no other than the trustee of the plaintiff. Either the property was his in his own right or in his right as trustee of Mrs. Thomson and her children. If the former, clearly the sheriff has no right to make the levy; if the latter, he still had no such right, so far as the interest of the children was concerned; and if it be conceded that the interest of Mrs. Thomson in said personal property was liable, still it was restored to her possession through her trustee, for his possession, and she has no grounds to complain of the sheriff's failure to take her property to apply to her debts or for any other purpose that would deprive him of its possession and enjoyment. If it be true that the title to personal property has since been ruled in the plaintiff by the decree of the Court, of which there is no evidence in this case—but plaintiff's bare assertion in these exceptions—that right gives the judgment creditors a right of action against the sheriff in case they ultimately failed to make their money out of this plaintiff, but it certainly gives her no right of any kind against either the creditors or the sheriff in the way sought here. These exceptions overruled. * * *

The only remaining point is that raised by exception nine. The case of *Nance* v. *Hill,* 26 S. C., 227, which established the doctrine that demands for homestead in the common property by one cotenant in advance of partition is premature, and that a judgment creditor will be restrained until the homestead claimant has time and opportunity to demand partition, was a case of practical application to an actual state of facts. There the debtor has actually demanded the homestead exemption, and the proceeding was had to set it off. Here the plaintiff not only has not demanded home-

stead, but expressly declares that she does not desire it, and one of the objects of this litigation is to prevent it being set off to her. Moreover, as we have seen, no step has been taken during all these years to procure partition, although the complaint alleges the contrary as one of the grounds for invoking the restraining power of the Court. The inference is strong that these contentions of the plaintiff about partition and homestead are intended merely as obstructions interposed in the way of the judgment creditors in the collection of their just debt, and are not set up in good faith, as the foundation of the plaintiff's right. This exception is overruled.

I am quite satisfied with and concur with the master's conclusions, that there is no ground in law or equity for a longer continuance of the injunction. It is, therefore, ordered, adjudged, and decreed, that the report of the master be in all respects confirmed and made the judgment of the Court. It is further ordered and adjudged, that the injunction heretofore granted in this case be and the same hereby is dissolved. It is further ordered, that the complaint be and the same is hereby dismissed wth costs.

From this decree the plaintiff appeals.

*Mr. W. W. Thomson,* for appellant, cites: *Interest in plaintiff in lands under trust deeds should have been determined herein:* 19 S. C., 127; 21 S. C., 113, 491; 25 S. C., 340, 35; 7 Rich. Eq., 398; 24 S. C., 128; 23 S. C., 257; 13 Rich. Eq., 42. *Master should have been required to supply all papers, and to pass on all issues of law:* 27 S. C., 1; 31 S. C., 199; 17 S. C., 591; 20 S. C., 296, 584; 25 S. C., 121; 24 S. C., 178; 8 S. C., 35; 1 Bail. Eq., 343; 26 S. C., 497. *Lien of judgment is subordinate to partition, and trust interest in land is not leviable:* 26 S. C., 19, 370; 29 S. C., 501; 16 S. C., 548; 36 S. C., 354. *Sheriff is liable for failure to realize value of property seized:* 3 Rich. Eq., 440; 3 McC., 87, 184; 7 S. C., 228; 10 Rich., 160. *Levy cannot be liti-*

*gated in collateral proceeding:* 15 Stat., 498; 19 S. C., 539; 10 S. C., 259; 1 McC., 203.

*Mr. R. K. Carson,* contra.

The opinion in this case was filed June 27, 1899, but on petition for rehearing, remittitur was stayed until

November 29, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record in this case is presented in such shape that it is almost impossible to gather a correct understanding of the issues involved. For instance, it is stated in the record that "the pleadings and general scope of this cause appear in previous decisions of this Court."

The cases of *In re Perry,* 42 S. C., 183, and *Moore* v. *Perry,* 42 S. C., 369, show that the statements of the case for hearing on appeal to this Court, should contain within itself all that is necessary to be considered by this Court, and that this Court cannot be called upon to look elsewhere for necessary statements.

A consideration of the exceptions, in the light of the facts properly before this Court for consideration, fails to show error on the part of the Circuit Judge. The Court does not deem it necessary to set forth additional reasons to those assigned by the Circuit Judge in considering the questions raised by the exceptions, as they are satisfactory to this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Petition for rehearing was filed July 3, 1899, and remittitur stayed. On November 29, 1899, the petition was refused, and remittitur ordered down.