## 12256

### DuRANT *ET AL.* v. REAMES *ET AL.*

(139 S. E., 208)

1. Wills—Devise for Life, With Remainder to "Heirs of Her Body * * * Share and Share Alike," Entitled Devisee's Grandchildren to Share in Remainder Per Capita.—Where will devised certain land to testator's daughter for life, and on death of such daughter "to the heirs of her body who may be living * * * share and share alike to them, * * *" *held,* such grandchildren of daughter as were children of a predeceased son or daughter were entitled to take *per capita,* and not *per stirpes.*

2. Appeal and Error—Failure to Show Exception Taken to Referee's Report Held not Ground for Dismissing Appeal in Absence of Showing of Notice of Filing Report.—Appeal *held* not dismissable upon ground that the record did not show any exception taken to report of referee, or that questions before Supreme Court were considered by trial court, where there was no showing of any notice to appellants of filing of referee's report 10 days before hearing by trial judge.

Before Dennis, J., Lee, March, 1926. Affirmed.

Action by Virgil M. DuRant and others (Combahee Fertilizer Company, substituted plaintiff) against Eliza J. Reames and others. Judgment for plaintiffs and defendants appeal.

The report of Special Referee George D. Shore, Jr., is as follows:

Pursuant to an order of reference made herein by Judge John S. Wilson, dated January 6, 1925, whereby all issues

---

Note: Words in will "share and share alike" as importing per capita distribution, see annotation in 16 A. L. R., 22; 31 A. L. R., 799; 28 R. C. L., 267; 4 R. C. L. Supp., 1810; 5 R. C. L. Supp., 1524.

in this case were referred to the undersigned as special referee to take and report the testimony together with his conclusions of law and fact, except the issue of title between the plaintiffs and the defendant Combahee Fertilizer Company, which was by the terms of said order specifically reserved for trial by jury without prejudice to the rights of said plaintiffs or said Combahee Fertilizer Company, defendant, I held several references herein which were offered by counsel of record and took the testimony which was offered, which testimony, together with the exhibits, are filed herewith.

This is an action for the partition of real estate situate in Lee County, South Carolina, which was devised under the will of James Rembert, dated August 7, 1857, "To my beloved daughter, Harriett Abigail DuRant, to and for the natural term of her life and no longer to her sole and separate use to be in no way subject to the debts, contracts or control of her present or any future husband and at and immediately upon the death of my said daughter, Harriett Abigail DuRant, I give, devise and bequeath the said tract of land to the heirs of her body who may be living at the time of her death, share and share alike, to them, their heirs and assigns, forever."

From the pleadings and the testimony taken, including the admissions of counsel for the various parties, it appears that the following facts are undisputed:

That the said Harriett Abigail DuRant went into possession of the tract of land here in question upon the death of her father, the said James Rembert, who died on or about the 11th day of May, 1858, and that she continued in such possession until the date of her death, which occurred on the 27th day of January, 1924. That the said Harriett Abigail DuRant had several children, some of whom predeceased her, and at the date of her death her only living children were the defendants J. Oliver DuRant, Eliza

Jane Reames, Eleanora Dixon, Matilda Flowers, Amanda Merritt, Blondena Dixon, and Olivia Shaw. That the plaintiffs Virgil M. DuRant, Pansy D. Law, and Ruby R. Brim are the only living children of a predeceased son, James A. DuRant, who died on or about the 5th day of December, 1914. That the defendants Mary E. James, Abbie Shaw, Walter DuRant, John O. DuRant, Clelia Reid, and Florence Reese are the only living children of a predeceased son, Davis E. DuRant. That the defendants C. Haskell DuRant, Anna K. DuRant, Sarah D. Kelley, Mitt DuRant, and Marie Grady are the living children of a predeceased son, A. C. DuRant, who died on or about October 12, 1916.

The defendant Thomas G. McLeod by his answer alleges that on the 19th day of November, 1907, his co-defendant J. Oliver DuRant, a living son of the said Mrs. Harriett Abigail DuRant, executed and delivered to T. G. McLeod and W. R. Scarborough a fee-simple deed and thereby conveyed unto them and their heirs and assigns all of his right, title, and interest in possession, in expectancy, or in remainder to the land which is involved in this action, which said deed is of record in the office of the Clerk of Court of Lee County in Deed Book G, at page 109; and that subsequently on or about the 5th day of January, 1921, W. R. Scarborough by fee-simple deed conveyed to T. G. McLeod all of his interest in said land, which said deed was recorded in the office of the Clerk of Court for Lee County in Book R, at page 320. There appears to be no dispute as to the validity of these conveyances and, consequently, I find as a matter of fact that the defendants J. Oliver DuRant and W. R. Scarborough have no interest in the premises here involved, and that such interest as the defendant J. Oliver DuRant may have had therein is now vested in the defendant T. G. McLeod.

It appears from the answers filed by the defendants C. Haskell DuRant, Mitt DuRant, Marie Grady, Anna K. Du-

Rant, and Sarah D. Kelley, all of whom are the children of the late A. C. DuRant, a predeceased son of the said Mrs. Harriett Abigail DuRant, that prior to the death of the said A. C. DuRant, he, the said A. C. DuRant, acquired by fee-simple deed all of the right, title, and interest of his sister, Eleanora Dixon, in and to the premises here involved, the said deed being duly executed by the said Eleanora Dixon and by her children, James H. Dixon, Hattie P. Dixon, and Robert C. Dixon, the said deed bearing date the 2d day of June, 1894, and of record in the office of the Clerk of Court for Sumter County in Deed Book GGG, at page 514. The validity of this deed has not been questioned, and I therefore find as a matter of fact that the defendant Eleanora Dixon has no interest whatever in and to the premises in question, but that such interest as she may have had therein is now vested in the five living children of her brother, the late A. C. DuRant.

The defendant W. R. Shaw was a tenant in possession of the premises in question at the time of the commencement of this action, but subsequently thereto by an order of this Court receivers were appointed to take charge of and rent out the said lands, and that the said defendant W. R. Shaw therefore now has no interest in this action.

It appears that the defendants L. D. Jennings and Parker Gardner Company likewise have no interest in or claim upon the premises here in question for the reason that any and all claims which they or either of them have heretofore had have now been settled and discharged.

The defendants First National Bank of Bishopville, S. C., and the People's Bank of Bishopville, S. C., hold valid and unsatisfied mortgages executed to the two said banks, respectively, by certain of their co-defendants, which said mortgages cover the interest of their co-defendants in and to the premises here in question. It also appears from the testimony that the firm of Lee & Moise hold valid and unsatisfied mortgages executed to them by certain of the de-

fendants herein, to wit, C. Haskell DuRant, Sarah D. Kelley, and Marie Grady, covering the respective interest of the said parties in and to the premises in question.

According to my construction of the pleadings filed in this case the sole issue raised, which I am called upon to decide, is as to the construction of the clause in the will of the late James Rembert hereinabove quoted. This issue presents the following questions:

First: Who answer to the description "heirs of her body who may be living at the time of her death?"

Second: Do the children of the said Mrs. Harriett Abigail DuRant living at the time of her death take to the exclusion of the children of a predeceased child or children of the said Mrs. Harriett Abigail DuRant?

Third: If both the children and the grandchildren (i. e., children of a predeceased child) take, do they take *per capita* or *per stirpes?*

These questions will be considered in their inverse order.

The clause of the will hereinabove quoted provides that the heirs of the body shall take "share and share alike," and I find as a matter of law that such words control in this case, and that a division must be *per capita* and not *per stirpes.*

As to the second question, I find as a matter of law that the grandchildren of the late Mrs. Harriett Abigail DuRant, that is to say, the living children of a predeceased child or children of her, take along with her own children living at the time of her death.

Therefore, in answer to the first question as to who are the "heirs of her body, who may be living at the time of her death," I find as a matter of fact and of law that they are the plaintiffs Virgil M. DuRant, Pansy D. Law, Ruby R. Brim, and the defendants Eliza Jane Reames, Eleanora Dixon, Matilda Flowers, Amanda Merritt, Blondena Dixon, Olivia Shaw, J. Oliver DuRant, Mary E. James, Abbie Shaw, Walter DuRant, John O. DuRant, Clelia Reid,

Florence Reese, C. Haskell DuRant, Anna K. DuRant, Sarah D. Kelley, Mitt DuRant, and Marie Grady—all of whom, except for the conveyances hereinabove set forth and hereinafter referred to, will be entitled to take each an undivided 1/21 interest in and to the premises here in question.

However, by reason of certain conveyances which have been made, which I have heretofore found to be valid, and by reason of the issue of title between the plaintiffs and the defendant Combahee Fertilizer Company, which is reserved for a jury trial, I find as a matter of law that the parties entitled to the land in question and their respective interests therein are as follows:

To the plaintiffs Virgil M. DuRant, Pansy D. Law, and Ruby R. Brim, each an undivided 1/21 interest; or to the defendant Combahee Fertilizer Company, an undivided 3/21 interest, as may be hereinafter determined upon the jury trial thereof.

To the defendants Eliza Jane Reames, Matilda Flowers, Amanda Merritt, Blondena Dixon, and Olivia Shaw, each an undivided 1/21 interest.

To the defendants Mary E. James, Abbie Shaw, Walter DuRant, John O. DuRant, Clelia Reid, and Florence Reese, each an undivided 1/21 interest.

To the defendants C. Haskell DuRant, Anna K. DuRant, Sarah D. Kelley, Mitt DuRant, and Marie Grady, each an undivided 6/105 interest; and

To the defendant Thomas G. McLeod, an undivided 1/21 interest.

My conclusions of law as above set forth are based principally upon the case of *Parrott v. Barrett*, 70 S. C., 195; 49 S. E., 563, wherein a similar clause in the will of the said James Rembert was heretofore construed by the Supreme Court.

It appears from the testimony that the land in question is capable of a partition in kind and I therefore recommend that the same be so partitioned.

Since several of the parties whom I have heretofore found to be entitled to an undivided interest in the said tract of land have heretofore incumbered their respective interests by mortgage, I recommend that the lien of such mortgages attach to the part so set off to the respective mortgagors in kind.

The decree of Circuit Judge Dennis is as follows:

This case comes on to be heard before me upon the pleadings, testimony, and the report of the special referee.

I find that the proceedings have all been regular, that all of the defendants herein were duly served with the summons and complaint, and that all of said defendants have filed answers.

I find that heretofore on the 17th day of November, 1925, by an order of Hon. W. H. Townsend, presiding Judge, it was ordered that all issues in this cause between the plaintiffs and the defendant Combahee Fertilizer Company be declared settled and ended, and that the deed from J. A. DuRant and said plaintiffs to said Combahee Fertilizer Company be validated and confirmed by this Court, and that said Combahee Fertilizer Company was thereby decreed to be the owner in fee of all interests conveyed by said deed, and that any interest which said plaintiffs may have had, or claimed to have had in the property involved herein, or any rights or profits arising therefrom, be transferred to said Combahee Fertilizer Company; said order further providing that the cause be continued in the name of plaintiffs with leave to said Combahee Fertilizer Company to apply to this Court to be substituted as plaintiff, and that Messrs. H. L. Erckmann, C. B. Ruffin, and R. O. Purdy be substituted as plaintiffs' attorneys in the place and stead of Messrs. Tatum & Jennings, who were the plaintiffs' attorneys herein. I

find therefore that the pleadings and proceedings herein should be and the same are hereby amended by striking out the names of Virgil M. DuRant, Pansy D. Law, and Ruby R. Brim as plaintiffs and inserting in lieu thereof Combahee Fertilizer Company as plaintiff, and that the name of said Combahee Fertilizer Company as a defendant herein be stricken out and that Messrs. H. L. Erckmann, S. B. Ruffin, and R. O. Purdy be substituted as plaintiffs' attorneys in the place and stead of Messrs. Tatum & Jennings.

On motion of Messrs. H. L. Erckmann, C. B. Ruffin, and R. O. Purdy, plaintiffs' attorneys, it is ordered that the report of George D. Shore, Jr., Esq., special referee, dated August 13, 1925, be and the same is hereby confirmed in all respects.

It is further ordered, adjudged, and decreed that the interests of the parties hereto in and to the tract of land described in the complaint herein, and hereinafter described, be fixed as follows:

To the substituted plaintiff Combahee Fertilizer Company an undivided 3/21 interest thereof.

To the defendants Eliza Jane Reames, Matilda Flowers, Amanda Merritt, Blondena Dixon, and Olivia Shaw, each an undivided 1/21 interest thereof.

To the defendants Mary E. James, Abbie Shaw, Walter DuRant, John O. DuRant, Clelia Reid, and Florence Reese, each an undivided 1/21 interest thereof.

To the defendants C. Haskell DuRant, Anna K. DuRant, Sarah D. Kelley, Caroline DuRant, sometimes called Mitt DuRant, and Marie Grady, each an undivided 6/105 interest thereof.

To the defendant Thomas G. McLeod an undivided 1/21 interest thereof.

I find that the defendants First National Bank of Bishopville, S. C., and the People's Bank of Bishopville, S. C., hold valid and unsatisfied mortgages executed to the two said

banks, respectively, by certain of their co-defendants, which said mortgages cover the interests of their said co-defendants in and to the premises here in question. I also find that the firm of Lee & Moise, or their assigns, hold valid and unsatisfied mortgages executed to them by certain of the defendants herein, to wit, C. Haskell DuRant, Sarah D. Kelley, and Marie Grady, covering the respective interests of the said parties in and to the premises here in question.

It is therefore ordered, adjudged, and decreed that the lien of all of said mortgages do attach and become a lien upon the respective interests of the said mortgagors, or to that part or portion of the premises here in question which may be allotted and set off in kind to the said respective mortgagors, or that the liens of said mortgages attach to the proceeds of sale of the interests of the respective mortgagors in the event that a sale thereof be had; and that such proceeds of sale after the payment of the costs of this action and of said sale be paid to the respective mortgagees, or their attorneys of record, in so far as the same may be necessary, and that should any surplus proceeds then remain that same be paid over to the respective mortgagors, or their attorneys of record.

It is further ordered, adjudged, and decreed that the report of R. H. Singletary and G. O. Rogers, receivers, who were duly appointed herein, dated February 2, 1926, be and the same is hereby in all respects approved and confirmed by this Court; and the said receivers are hereby authorized and directed to distribute and pay over the net proceeds in their hands as such receivers to the parties hereinabove decreed to have an interest in said premises, such distribution to be made *pro rata* in accordance with the interests and shares of each of said parties, respectively. Said payments shall be made by said receivers to the attorneys of record for said parties, respectively.

It is further ordered, adjudged, and decreed that the receivership herein be continued for the year 1926, and that the net collections made by said receivers after the payments of the costs and expenses of such receivership and of the taxes and other fixed charges upon said lands be distributed and paid over by said receivers to the said parties, respectively, or their attorneys of record, in accordance with their respective interests and shares in said lands as hereinabove fixed and decreed.

It is further ordered, adjudged and decreed that a writ of partition in the usual form do issue as provided by law, and that the commissioners named therein be first duly sworn to make their return to this Court in the manner and within the time provided by law.

The following is a description of the premises herein ordered to be partitioned:

All that certain piece, parcel or tract of land situate in Lee County, State of South Carolina, containing 2,200 acres, more or less, and being bounded now or formerly as follows: On the north by Stirrup Branch, on the east by estate of Marcus Stokes, estate of F. S. Reames, lands of Mrs. Sallie Green, and lands of J. T. Muldrow, on the south by the estate of Mrs. Jane Barrett, and on the west by lands of T. E. Davis and Arthur Lee.

*Messrs. Mendel L. Smith* and *R. E. Dennis,* for appellant, cite: *Construction of will:* 70 S. C., 195; 113 S. C., 165; 104 S. C., 178; 36 S. C., 38.

*Messrs. H. L. Erckmann, R. O. Purdy* and *C. B. Ruffin,* for respondent Combahee Fertilizer Co., cite: *No point not presented to and considered by Circuit Court considered unless it involves question of jurisdiction:* 87 S. C., 18. *Construction of wills:* 70 S. C., 195; 21 S. C., 183; 37 S. C., 265; 13 S. C., 512; 9 S. C., 198; 1 McC. Eq., 41. *Where plaintiff has not excepted to finding of fact and conclusions*

*of law of master, such conclusions are binding on the parties:* 69 S. C., 24.

*Messrs. Lee & Moise,* for respondents C. Haskell Du-Rant, Mitt DuRant and Marie Grady, cite: *Construction of wills:* 70 S. C., 195; 115 S. C., 145; 37 S. C., 255; Rice's Eq., 10; 1 Rich. Eq., 141; 3 Rich. Eq., 543; 21 S. C., 183; 89 S. C., 198; 128 S. E., 421. *When a principle once adopted and declared by Courts, the people have a right to regard it as a just declaration of the law and to regulate their actions and contracts thereby:* 1 McC. Eq., 60, 71; 103 S. C., 10, 25; 15 C. J., 947; 91 S. C., 487; 3 Rich. Eq., 271; 68 N. E., 1. *Unless excepted to, master's report when confirmed by Circuit Court becomes absolute:* 13 S. C., 410; Circuit Court Rule 30; Sec. 590, Code Civ. Proc., 1922; 45 S. C., 262; 71 S. C., 512.

*Mesrs. R. W. McLendon* and *Tatum & Jennings,* for respondents Mary E. James, Abbie Shaw, Walter DuRant, John O. DuRant, Clelia Reid and Florence Reese, cite: *In case at bar "heirs of body" does not mean children:* 2 S. C. Eq., 30; Bail. Eq., 7; 56 S. C., 10; 91 S. C., 410. *Construction of wills:* 13 S. C., 512. *Intention of testator cannot prevail against established rules of constructions:* 16 S. C., 290; 42 S. C., 346; 67 S. C., 134; 123 S. E., 849. *Construction contended for by respondents firmly established:* Rice's Eq., 10; 3 Rich. Eq., 543; 13 S. C., 531; 21 S. C., 183; 37 S. C., 255; 70 S. C., 195; 71 S. E., 959; 128 S. E., 421.

August 25, 1927.

The opinion of the Court was delivered by Mr. Justice Stabler.

On November 23, 1904, the Supreme Court handed down its opinion in the case of *Parrott v. Barrett,* reported in 70 S. C., 195; 49 S. E., 563. The action in that case was for the partition of a tract of land contain-

ing 889 acres, the property in his lifetime of Captain James Rembert, who died testate about the year 1858. In his will he made the following devise to his daughter, Jane Barrett:

"Second: I will, devise and bequeath to my beloved daughter, Jane Barrett, all of that tract of land lying towards the south of my plantation, known as the Green tract of land, to and for the natural term of her life and no longer; to her sole and separate use, to be in no way subject to the debts, contracts or control of her present or any future husband; and at and immediately upon the death of my said daughter, Jane Barrett, I give, devise and bequeath the said tract of land to the heirs of her body who may be living at the time of her death, share and share alike; to their heirs and assigns forever. To be esteemed and regarded as of the value of five thousand dollars."

Jane Barrett, the daughter, died in 1901, leaving six children, and four grandchildren who were the children of a predeceased son. After her death, the action was brought by the four granchildren, their contention being that the words used by the testator, "to the heirs of her body who may be living at the time of her death," should be construed to include not only her children living at the time of her death, but such of her grandchildren living at that time as were children of a predeceased son or daughter; and that the added words, "share and share alike," could only mean that such grandchildren would take under the will *per capita,* and not *per stirpes.*

Hon. George W. Gage, who afterwards became a member of this Court, heard the case on circuit, and sustained the contention of the plaintiffs in all particulars, in the following language:

"I am of the opinion that under the will of James Rembert the daughter, Jane, took a life estate, and that at her death in 1901 the title was then divisible in equal shares betwixt the six children of Jane, and the plaintiffs, her four grand-

children, that is to say: Each was entitled to have one tenth of the whole.

"It was argued at the bar (by Mr. Livingstone) that the testator intended the share of each child of Jane to go to the children of each child, and that he did not use 'heirs of her body' and 'share and share alike' in a technical sense. And to give strength to that contention, other parts of the will were cited, wherein the testator directed a distribution 'among by heirs according to the provisions of the act generally termed the statute of distributions'; but, on the other hand, the use by the testator of different language for different devises, goes to show he had different purposes and not one purpose. The language of the will is too plain for construction, strong as the argument is. *Kerngood v. Davis,* 21 S. C., 207."

On appeal, the Supreme Court, in a well-considered opinion, unanimously sustained the findings of the Circuit Judge in his construction of the will, saying:

"We agree with the Circuit Court in the construction of the will. The plaintiffs, as children of Charles S. Barrett, the son of Jane Barrett, their father having died before Jane Barrett, answered the description of heirs of the body of Jane Barrett, and the will expressly directing that the heirs of her body living at her death should take share and share alike, the plaintiffs take *per capita* and not *per stirpes,* and so are under the will each entitled to one tenth of the tract of land in question. This conclusion is fully sustained by the cases of *Kerngood v. Davis,* 21 S. C., 206; *Dukes v. Faulk,* 37 S. C., 265 [16 S. E., 122; 34 Am. St. Rep., 745]."

After a lapse of more than 20 years, under apparently similar circumstances, this Court is now asked to construe another clause of the will of Captain James Rembert, in which he devised to another daughter, Harriett Abigail Du-Rant, a tract of land therein designated. With the exception of the names of the devisees and the description and

names of the tracts of land devised, the two clauses of the will are practically identical.

We quote so much of the first clause as is pertinent to this decision:

"First: * * * I will, devise and bequeath to my beloved daughter Harriett Abigail DuRant to and for the natural term of her life and no longer to her sole and separate use to be in no way subject to the debts, contracts or control of her present or any future husband and at and immediately upon the death of my said daughter, Harriett Abigail Du-Rant, I give, devise and bequeath the said tract of land to the heirs of her body who may be living at the time of her death share and share alike to them, their heirs and assigns forever, to be esteemed and regarded as of the value of five thousand ($5,000) dollars."

Mrs. DuRant died in 1924 and thereafter this action was brought by the children of James A. DuRant, a predeceased son of Harriett Abigail DuRant, against the defendants, a number of whom are children of Mrs. DuRant, for partition of the real estate described in the complaint, containing about 2,200 acres, and being the lands devised in the clause of the will above quoted. Later, Combahee Fertilizer Company was substituted as plaintiff.

It appears that the contentions here of the grandchildren are the same that were made in *Parrott v. Barrett, supra;* namely, that the words, "to the heirs of her body who may be living at the time of her death," include not only the children of Abigail DuRant living at the time of her death, but also such of her grandchildren as are children of a predeceased son or daughter; and that the additional words, "share and share alike," can only be construed to mean that such grandchildren take *per capita,* and not *per stirpes.*

We do not deem it necessary to discuss at length the questions raised by this appeal. We are satisfied with the construction of the will given by the Court in the *Barrett case;* it is sound and supported by good authority. The clause now

before us being practically identical in language with that construed in the *Barrett case,* the will must receive in this case the same construction, unless there appear in some other portion thereof expressions or words of the testator, which, when the will is construed as a whole, show a different intention on his part as to the devise under consideration.

The third item of the will contains the following language.:

"I also reserve from the land given to my daughter Harriett Abigail DuRant and her heirs the use of the blacksmith shop standing upon said land which I give to my wife Eleanora Rembert during her life and upon her death it shall revert back to my said daughter and her heirs."

Counsel for appellants, disclaming "any effort to overthrow any principle enunciated in the *Barrett case,*" contend when the will is construed as a whole, the words "her heirs," as used in the third item, indicate an intention on the part of the testator not to use the words "heirs of the body" in the first clause in a strictly technical sense, but as meaning "children."

In support of this contention they cite the case of *Gibson v. Gibson,* 113 S. C., 160; 101 S. E., 922. We have examined that case, but the circumstances of the two cases are so entirely different that it cannot be seriously contended that the holdings of the Court in the *Gibson case* should govern in this case.

It is clear from a reading of the will that the testator intended, by the first and second clauses thereof, to make similar devises to his two daughters, Abigail DuRant and Jane Barrett, and that after the death of each the property devised to her for life should go to the heirs of her body living at the time of her death. The language quoted from the third item of the will is clearly intended as a reservation of the use of a very small part (the blacksmith shop) of the Abigail DuRant devise to his wife during her life, and was not intended to change the disposition made of the property

by that clause of the will by which he had already devised it. The words "given to my daughter Harriett Abigail Du-Rant and her heirs" were used simply for the purpose of identification, and the language "it shall revert back to my daughter and her heirs" was merely intended to direct that it should pass upon the death of his wife to his daughter and her heirs as he had. already devised it. But even if there was a conflict between the third and the first items of the will, it can hardly be contended that language relating only to a blacksmith shop should prevail as against language devising the tract of 2,200· acres of land on which the black-smith shop was located.

We therefore conclude that under the will Harriett Abigail DuRant, the daughter, took a life estate, and that at her death her children then living and such grandchildren then living as were children of a predeceased son or daughter took the land in equal shares.

We note the contention in the respondent's argument that, since it does not appear from the record that any exception was taken to the report of the referee, or that the questions now before this Court were considered by the trial Judge, this Court should dismiss the appeal. This contention is supported by *Thomson v. Brown,* 56 S. C., 304; 33 S. E., 454, and *Hubbard v. Camperdown Mills,* 25 S. C., 496; 2 S. E., 576, and if the matter rested here, the appeal would fail on these grounds.

But it is also true, as contended by appellants, that the record does not show that any notice was given to appellants of the filing of the referee's report 10 days before the hearing of the matter by the trial Judge. If no such notice was given, and the appellants had no opportunity to file exceptions to the report and argue against its confirmation, they had their remedy. However, they have chosen to bring the matter before us in a form in which this Court may render a decision upon the merits, and we have accordingly done so.

A full history of the controversy and the facts of the case are set out in the report of the referee, which, with the decree of the Circuit Judge, will be incorporated in the report of the case.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.